IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DESMOND KEYS**                                                                                        **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 2:08cv254KS-MTP**

**RICK SMITH, JONES COUNTY, MISSISSIPPI;
SHERIFF LARRY DYKES, in his official capacity
as the Sheriff of the Jones County, Mississippi
Sheriff's Department; SHERIFF ALEX HODGE, in
his official capacity as the Sheriff of the Jones
County, Mississippi Sheriff's Department; and
JOHN AND JANE DOES 1-5, individually and in
their capacity as Deputy Sheriffs of the Jones
County Sheriff's Department**                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment filed on behalf of the Defendants. [Doc. #12] (Mar. 16, 2009). The Court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises finds that the motion is well taken and should be **granted**. The Court specifically finds as follows:

### FACTUAL BACKGROUND[1]

The Plaintiff, Desmond Keys, was arrested on July 2, 2005. On July 3, 2008, the Plaintiff filed suit erroneously alleging that the arrest occurred on July 10, 2005.[2] *See* Defs.' Ex. D [Doc. #12-2] (Mar. 16, 2009).

---

[1] This section contains undisputed facts, with all inferences drawn in the Plaintiff's favor, except as otherwise noted.
[2] The Plaintiff's Response to the Motion for Summary Judgment was stricken for being Out of Time, but did concede this point.

The Plaintiff alleges that the Defendants violated the Mississippi Tort Claims Act (MTCA) by committing acts of assault and battery on his person prior to his arrest. The Plaintiff further alleges that the Defendants violated the Plaintiff's rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1988.

The Defendants assert that they are entitled to summary judgment and a complete dismissal with prejudice of all of the Plaintiff's claims because: (1.) the Plaintiff did not fulfill the statutory requirements of the MTCA requiring that notice be provided to a government entity against which a claim exists; (2.) the Plaintiff filed his complaint after the statutory period for the MTCA had elapsed; and (3.) the Plaintiff filed his complaint after the statutory period applicable to §§ 1983, 1985, and 1988 had elapsed.

The Plaintiff's response to the motion for summary judgment was stricken as out of time. [Doc. #21] (April 30, 2009). Even if considered by the Court, the response would not have been determinative.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. While courts will "resolve factual controversies in favor of

the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## ARGUMENTS AND ANALYSIS

**A.) MTCA CLAIMS**

The Defendants make two challenges against the Plaintiff's MTCA claims, each of which if well taken would be sufficient to satisfy the requirements of summary judgment. First, the Defendants allege that the claims should be dismissed because the Plaintiff failed to provide notice of their claim to Jones County. As codified in Mississippi Code Annotated § 11-46-11(1) the MTCA requires plaintiffs to provide notice to the chief executive officer of the relevant government entity ninety days prior to maintaining an action. To establish the lack of notice in this case the Defendants have submitted the sworn affidavit of Larry Ishee, Chancery Clerk of Jones County. Defs.' Ex. 2 at ¶ 2 [Doc. #12-2] (Mar. 3, 2009). The affidavit indicates that Ishee is responsible for receipt of MTCA notices. The affidavit further maintains that Jones County received no such notice from Plaintiff Keys. *Id* at ¶ 3. The Plaintiff has produced no evidence to the contrary. As a result, the record evidence establishes that the notice requirements of the MTCA were not met and the Plaintiff's MTCA claims should be dismissed.

Additionally, the Defendants allege that the MTCA's statute of limitations has run. Defs.' Br. ¶ 3 [Doc. #13] (Mar. 17, 2009). The MTCA requires that any actions arising from its provisions must commence no later than one year after the underlying tortious event takes place. Miss. Code Ann. § 11-46-11(3). The alleged assault, battery, and arrest from which this action arose took place on July 2, 2005. The Plaintiff's complaint

was filed on July 3, 2008. This time period far exceeds the one year allotment for filing MTCA claims. Because the statute of limitations has run, the Defendants are entitled to summary judgment on this basis as well.

**B.) FEDERAL CLAIMS**

The Defendants' motion for summary judgment alleges that the statute of limitations for the Plaintiff's federal claims had run at the time the Plaintiff filed his complaint. *See* [Doc. #13]. Courts addressing claims under 42 U.S.C. §§ 1983, 1985, and 1988 employ the general or "catch-all" statute of limitations of the forum state. *See Thomas v. City of New Albany*, 901 F.2d 476, 476 (5th Cir. 1990); *Burnett v. Grattan*, 468 U.S. 42, 104 (1984); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The appropriate statute of limitations in this instance is found in Mississippi Code Annotated § 15-1-49, which states that claims must be filed within three years of the date on which the cause of action arises. A statute of limitations begins to run as soon as there is a cause of action. *See O'Neal Steel, Inc. v. Millette*, 797 So.2d 869 (Miss. 2001) (The court held that the statute of limitations began to run as soon as a fraudulent conveyance that gave rise to a cause of action was filed). Rule 6(a) in both the Federal and Mississippi Rules of Civil Procedure demonstrate that an action accruing on July 2, 2005, must be filed by July 2, 2008.[3] *See Cuvillier v. Taylor*, 503 F.3d 397, 401-02 (5th Cir. 2007).

---

[3] In his stricken response, the Plaintiff argued that the day on which an action arises should not be counted in time computation, appealing to the inclusion of the language "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in Mississippi Rule of Civil Procedure 6(a). Pl.'s Br. ¶ 3 [Doc. #19] (April 24, 2009). The correct interpretation of these rules indicates that the day on which an event occurs is not counted as a day elapsed. The rule aims to express that, for example, from July 2, 2005, to July 3, 2005, does not constitute two days in the computation of the statute of limitations; only one. It remains true that an action accruing on July 2, 2005, must be filed by July 2, 2008. *See Cuvillier*, 503 F.3d at 401-02 (5th Cir. 2007).

The alleged assault, battery, and arrest giving rise to the present action occurred on July 2, 2005. The Plaintiff filed his complaint on July 3, 2008, one day after the time provided in the relevant statute of limitations had elapsed.[4] Because the statute of limitations had run at the time the complaint was filed, judgment in favor of the Defendants on these claims is warranted, and the claims will be dismissed with prejudice.

---

[4] The Plaintiff presented two arguments against the Defendants' statute of limitations defense in his stricken response.

The Plaintiff first sought relief under a theory of equitable tolling for excusable neglect. *See* Pl.'s Br. ¶ 10 [Doc. #19] (April 24, 2009). The Supreme Court has ruled that equitable tolling does not extend to excusable neglect. *See Irwin v. Department of Veteran's Affairs*, 498 US 89, 96 (1990). The Plaintiff's contention that a mistaken belief that the events giving rise to the cause of action took place on July 7, 2005, rather than July 2, 2005, constitutes excusable neglect is insufficient to justify equitable tolling . As a result, equitable tolling cannot be granted.

The Plaintiff additionally sought relief arguing that an appeal to a statute of limitations is an affirmative defense which is waived if not plead in the answer to the complaint. *See* Pl.'s Br. ¶ 8 [Doc. #19] (April 24, 2009). This is only true if a responsive pleading is required. *Dept. of Human Services v. Guidry*, 830 So.2d 628, 634 (Miss. 2002). No responsive pleading was required. *Id.* Additionally, the Defendants amended their Answer, raising the statute of limitations argument. *See* Defs.' Amend. Compl. [Doc. #23] (April 30, 2009). As a result, the defense was not waived.

Thus, neither of the Plaintiff's arguments were merited by the procedural posture or governing law in the instant case.

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' motion for summary judgment [Doc. #12] is **granted** and the Plaintiffs' complaint is **dismissed with prejudice**. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE